## Morgan *versus* Weir.

This Court will not reverse a judgment for error in an immaterial matter, and the party complaining must show, not only that an error has been committed, but that he has been injured by it.

ERROR to the District Court of *Allegheny county*.

*Rogers* and *Burke*, for plaintiff in error.

*Penney* and *Sterrett*, for defendant in error.

The opinion of the Court was delivered by

LEWIS, J.—It may be that, where a bond is given as collateral security for the payment of a negotiable promissory note, " to whoever may be the holder" of it, no defence can be made against the bond which could not be made against the note in the hands of the holder. The Court below, in expressing a different opinion, may have fallen into an error; but we should fall into a greater one, if we reversed the judgment without seeing that the error was material, and injured the plaintiff in error. We cannot reverse for an error in an immaterial matter. We have no way to guard against such a mockery of justice, but by requiring the party complaining to show, not only that an error has been committed, but that he has been injured by it. We do not see how this can be done, without spreading the evidence before us, duly authenticated by the Court below. If the case is not worth this trouble, it is not worth while to take a writ of error at all.

So far as we can form a conjecture respecting the defence relied on, it was as available against the note in the hands of the holder as against the bond. If so, the error of the Court did the plaintiff in error no harm. If, under our duty to presume everything in favour of the judgment, we have been mistaken in regard to the nature of the defence, the consequences of the mistake have fallen where they belong. We are also asked to reverse this judgment because the Court told the jury that, "if they believed the testimony of *Cassiday*, the plaintiffs cannot recover." And the testi-

[Morgan *v.* Weir.]

mony of Cassiday, on which the whole question depends, is not furnished to us in the paper-book of the plaintiff in error. We do not understand how his counsel preserves the gravity of his countenance while preferring such a request.

Judgment affirmed.